| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
|---|---|---|
| ADCON CORP.<br><br>Demandante - Peticionaria<br><br>v.<br><br>ASOC CONDOMINIOS DE CAROLINA COURT APARTMENTS<br><br>Demandada – Recurrida | KLCE202500417 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso núm.: CA2023CV03046 (406)<br><br>Sobre:  Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de mayo de 2025.

El Tribunal de Primera Instancia ("TPI") denegó una solicitud de dar por admitidas ciertas alegaciones de una demanda por supuestamente no haber sido negadas oportunamente.  Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con lo actuado por el TPI, pues de la contestación a la demanda surge que la parte demandada sí negó las alegaciones en controversia.

I.

En septiembre de 2023, Adcon Corp. (la "Corporación") presentó la acción de referencia, sobre cobro de dinero (la "Demanda"), en contra de la Asociación de Condominios de Carolina Courts Apartments (el "Condominio").

La Corporación alegó que, en agosto de 2020, suscribió un contrato con el Condominio para rendir servicios de administración (el "Condominio").  Sostuvo que, aunque el Contrato tenía vigencia de un año, el mismo disponía que luego continuaría "en efecto automáticamente, a menos [que] fuera cancelado mediante

notificación escrita". Además, indicó que el Contrato le impedía al Condominio "contratar o utilizar los servicios de cualquier[a]" de sus empleados hasta que pasaran al menos 90 días luego de finalizado el Contrato.

La Corporación alegó que, en marzo de 2023, el Condominio había cancelado el Contrato "sin cumplir con la cláusula de notificación de cancelación con noventa (90) días", y que el Condominio había utilizado a una de sus exempleadas "sin haber pasado los noventa y un (91) días acordado en [el] contrato". Sostuvo que el Condominio le adeuda $3,030.00.

En febrero de 2024, el Condominio presentó su contestación a la Demanda (la "Contestación"). Afirmó que el Contrato no estaba vigente en el 2023 porque era "nula cualquier disposición de auto renovación", ello por virtud de lo dispuesto en el "Artículo 58 de la Ley de Condominios", a los efectos de que "se darán por nulas o no puestas las cláusulas de renovación automática incluidas en todo contrato suscrito donde el Consejo de Titulares sea parte". Además, sostuvo que "no existe suma de dinero alguna adeudada" a la Corporación.

En la vista señalada para juicio en su fondo (17 de enero de 2025), la Corporación arguyó que debían considerarse como admitidos los párrafos 8, 9 y 10 de la Demanda porque, en la Contestación, los mismos no se negaron.

El 2 de febrero, la Corporación presentó un escrito en solicitud de que se admitieran las alegaciones en los párrafos 5, 8, 9 y 10 de la Demanda de conformidad con las Reglas 6.2 y 6.4 de las de Procedimiento Civil (la "Moción"). Arguyó que, "en ninguno de los acápites presentados en la Contestación a Demanda se presenta alegación responsiva alguna o defensa específica para los acápites 5, 8, 9 y 10 de la Demanda, como requiere la Regla 6.2 de las de Procedimiento Civil". Planteó que, por tanto, dichas alegaciones

debían considerarse como admitidas, pues, según la Regla 6.4 de las de Procedimiento Civil, una alegación se "considerar[á] admitida[] si no fue[] negada[] en la alegación responsiva".

El Condominio se opuso a la Moción; sostuvo que, aunque en la Contestación no se mencionan específicamente los párrafos 5, 8, 9 y 10 de la Demanda, es inconsecuente "la omisión del número de estos incisos", lo cual atribuyó a un "error tipográfico". Ello porque, en la Contestación, se presentaron "defensas afirmativas que rebaten el contenido" de las alegaciones en los párrafos 5, 8, 9 y 10 de la Demanda. Subrayó, además, que dichas alegaciones se controvirtieron en su parte del informe de conferencia con antelación a juicio y en su moción de sentencia sumaria. Resaltó que la Corporación "muy convenientemente esperó al momento del juicio en su fondo" para traer el asunto de la supuesta omisión de negar, por nombre, los referidos párrafos de la Demanda.

Mediante una Resolución notificada el 18 de marzo (la "Primera Resolución"), el TPI denegó la Moción y concedió al Condominio cinco días para enmendar su Contestación.

El 27 de marzo, la Corporación reiteró lo solicitado en la Moción, en atención a que aún el Condominio no había enmendado la Contestación, según ordenado por el TPI.

El 28 de marzo, el Condominio presentó un Suplemento a Contestación a Demanda; en esencia, planteó lo mismo que en la Contestación, pero haciendo mención específica de los párrafos 5, 8, 9 y 10 de la Demanda, así negándolos por nombre.

El 28 de marzo, el TPI emitió una Resolución mediante la cual aceptó la contestación enmendada a la Demanda y le impuso al Condominio una sanción económica por incumplir con el término que le había concedido para presentar la misma (la "Segunda Resolución").

El 16 de abril, la Corporación presentó el recurso que nos ocupa, en el cual reproduce lo planteado en la Moción y, además, subraya que fue impermisiblemente tardía la enmienda a la Contestación. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene discreción para decidir si expide o no el recurso. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción. La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

III.

Considerados los criterios de la Regla 40, a la luz de la totalidad del expediente del caso, hemos determinado declinar la invitación de la Corporación a intervenir con la determinación del TPI de denegar la Moción y aceptar la contestación enmendada a la Demanda. No apreciamos error de derecho, ni abuso de discreción, en las determinaciones recurridas.

Aunque en la Contestación no se hayan mencionado específicamente los párrafos 5, 8, 9 y 10 de la Demanda (los "Párrafos"), de dicho documento surge claramente que el contenido de estos fue negado, según lo requiere la Regla 6.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 6.2 ("La parte a quien corresponda presentar una alegación responsiva admitirá o negará las aseveraciones en que descanse la parte contraria y expondrá sus defensas contra cada reclamación interpuesta, junto con una relación de los hechos demostrativos de que tales defensas le asisten").

Lo crucial es que la parte demandada en efecto admita o niegue cada una de las alegaciones de la parte demandante, sin que tenga pertinencia el que no se haga mención específica en la contestación del número del párrafo correspondiente a la alegación que se admite o niega.

En este caso, en la Contestación, el Condominio negó lo alegado en los Párrafos, ello al expresamente consignar que no debe la cuantía reclamada por la Corporación y al afirmar que el Contrato no estaba vigente al momento en que le avisó a la Corporación que no utilizaría más sus servicios, haciendo referencia específica al fundamento jurídico que estima apoya dicha postura. Adviértase

que, a través de los Párrafos, lo que se reclama es, precisamente, una suma de dinero supuestamente adeudada por el Condominio bajo el Contrato.

En fin, a través de la Primera Resolución y la Segunda Resolución, el TPI ejerció razonablemente y válidamente su discreción ante las circunstancias particulares de este caso, y no cometió error de derecho alguno.

IV.

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones